NO. 07-04-0087-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 5, 2004



______________________________




IN RE STATE OF TEXAS, RELATOR



_______________________________




Before JOHNSON, C.J., and REAVIS, JJ. and BOYD, S.J. (1)

ORDER ON PETITION FOR WRIT OF MANDAMUS


 By this original proceeding, relator, the State of Texas, seeks a writ of mandamus
to compel the Honorable Ron Enns, Judge of the 69th District Court of Dallam County, to
vacate his order granting Brenda Thaxton's motion to enforce a plea agreement. Thaxton
was indicted for child endangerment for conduct that allegedly lead to the death of her son
by her boyfriend Nathan Felder. Felder's direct appeal is pending in this Court in cause
number 07-03-0260-CR. 

 Article 2.07 of the Texas Code of Criminal Procedure (Vernon Supp. 2004), provides
that when an attorney for the State is disqualified, absent, or otherwise unable to perform
the duties of the office in any case or proceeding, the judge of the court may appoint an
attorney to perform the duties. The clerk's record in Felder's direct appeal contains an
order signed April 27, 2001, appointing "JOHN NEAL or any ASSISTANT ATTORNEY
GENERAL FOR THE STATE OF TEXAS" as attorney pro tem for the purpose of
prosecuting the case against Felder. 

 The pending petition for writ of mandamus is brought by Assistant Attorney General
Laura Bayouth Popps, in her capacity as District Attorney Pro Tem. However, nothing in
the limited record filed demonstrates that the trial court appointed an Assistant Attorney
General to bring this action. Thus, the Court directs that Laura Bayouth Popps show her
standing to initiate and prosecute this original proceeding on or before March 18, 2004,
before any further action can be taken.

 It is so ordered.

 Per Curiam
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.



unsel's view, the appeal is without
merit. In addition, counsel has demonstrated that he notified appellant of his right to review
the record and file a pro se response if he desired to do so. Appellant did not file a
response. Neither did the State favor us with a brief.

 By his Anders brief, counsel raises several grounds that could arguably support an
appeal. We have reviewed these grounds and made an independent review of the entire
record to determine whether there are any arguable grounds which might support an
appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988);
Bledsoe v. State, 178 S.W.3d 824 (Tex.Cr.App. 2005). We have found no such grounds
and agree with counsel that the appeal is frivolous.

 Accordingly, counsel's motions to withdraw are hereby granted and the trial court's
judgments are affirmed.

 Don H. Reavis

 Justice


Do not publish. 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).